I concur in the majority's thorough opinion in this difficult case. I am writing specially only to address the issue involving the trial court's denial of defense counsel's repeated requests for a continuance.
The trial in this case began on April 16, 2001, and trial counsel had been appointed to represent Blanton on February 9, 2001, only 66 days earlier. Trial counsel filed his first motion to continue on March 9, 2001, citing as grounds for the continuance that the case involved more than 8,000 documents and a multitude of witnesses, and that the State prosecutors had been preparing their case for four years. Counsel requested a 90-day continuance. Trial counsel filed his second motion to continue on April 12, 2001, citing as grounds that he *Page 886 
had recently received a binder containing updated transcripts of the wiretapped conversations and a videotape of an experiment conducted by the FBI involving exploding dynamite and the damage it caused to vehicles. Counsel asserted that he was seeking additional time to examine the new evidence and to locate potential witnesses, whose names he provided to the court. Counsel made a final motion to continue after voir dire proceedings were conducted. The trial court denied the three motions.
As the majority noted, decisions involving a request for a continuance are matters for the trial court's discretion.
 "`The trial court has broad discretion in granting a continuance when the basis for the motion is that counsel has not had sufficient time to prepare or to develop his defense. A motion for a continuance due to a lack of time for adequate preparation is a matter entirely and exclusively within the sound discretion of the trial court and its ruling will not be reversed on appeal absent a . . . showing of abuse. Moreover, the reversal of a conviction because of the refusal of the trial judge to grant a continuance requires a positive demonstration of abuse of judicial discretion.'"
Hart v. State, 852 So.2d 839, 843 (Ala.Crim.App. 2002) (quotingLoggins v. State, 771 So.2d 1070, 1084 (Ala.Crim.App. 1999); internal quotation marks and citations omitted).
The better practice would have been for the trial court to have granted a short continuance so that trial counsel had additional time to prepare. However, in this case I agree that the denial of the motions for continuance did not constitute an abuse of the trial court's broad discretion. My review of the record supports the trial court's observation that defense counsel was clearly well prepared for trial and that he presented a thorough defense on behalf of his client. Moreover, Blanton has cited no instances of prejudice that resulted from the denial of a continuance.
Therefore, although granting the requested continuance would have avoided our having to consider this issue on appeal, I concur in the majority's determination that the denial of defense counsel's motions was not an abuse of the court's broad discretion.